UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CAT 5 RESTORATION L L C**                    **CASE NO. 2:22-CV-05827**

**VERSUS**                                              **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**         **MAGISTRATE JUDGE LEBLANC**

<u>MEMORANDUM RULING</u>

Before the court is a Motion for Partial Summary Judgment [doc. 17] filed by defendant State Farm Fire & Casualty Company ("State Farm"). Plaintiff Cat 5 Restoration LLC ("Cat 5") opposes the motion. Doc. 21.

### I.
#### BACKGROUND

This suit arises from damage inflicted by Hurricane Laura and Hurricane Delta to a residence owned by Ralph and Debbie Lewing in Lake Charles, Louisiana. Doc. 1, att. 1. On August 31, 2020, four days after Hurricane Laura, Debbie Lewing entered into a contract with Cat 5 whereby Cat 5 would perform remediation and demolition work at the property. *Id.*; *see* doc. 21, att. 1. The contract included the following assignment clause:

> **5. Assignment of Insurance Claim Benefits.** Client hereby assigns to CAT 5 any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance, whether listed on this contract or not. This assignment of rights, benefits and proceeds is limited to the amount of CAT 5's invoice for services rendered in relation to the above claim and the right and ability to collect same directly from my insurer, including the right to file suit and to seek attorney's fees and court costs. Client hereby waives any homestead exemption which might be applicable to such insurance funds. Any and all

>other insurance rights, benefits, and proceeds shall continue to belong to the Client.

Doc. 21, att. 1, p. 1.

Cat 5 filed suit against State Farm in state court on August 16, 2022, alleging that State Farm had refused to pay outstanding invoices totaling $41,543.41. Doc. 1, att. 1. Accordingly, it raised claims for breach of contract and bad faith under Louisiana law. *Id.* State Farm removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now brings this motion for partial summary judgment, asserting that Cat 5 cannot maintain any bad faith claims because these were not assigned under its contract with the Lewings. Doc. 17. Cat 5 opposes the motion. Doc. 21.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Any assignment of rights under Louisiana's bad faith statutes "must be expressly provided for in the act of assignment." *Disaster Relief Servs. Of N. Car., LLC v. Employers Mut. Cas. Ins. Co.*, 2009 WL 935963, at *6 (W.D. La. Apr. 6, 2009). The contract here assigned to Cat 5 the Lewings' "rights, benefits, and proceeds under any applicable policy of insurance" pertaining to the services rendered but reserved "[a]ny and all other insurance rights." Such language does not amount to an express assignment of bad faith claims, which are extracontractual.[1] *Frisbie*

---

[1] As Cat 5 points out, Judge Zainey recently differed and found that the clause's reference to attorney fees, which are only available under Louisiana's bad faith statutes, provided an express assignment of bad faith claims. *See Cat 5 Global, LLC v. State Farm Fire & Cas. Co.*, No. 2:23-cv-2124, doc. 23 (E.D. La. May 1, 2024). The undersigned respectfully disagrees, finding this reference to amount only to an implied assignment.

*v. State Farm Fire & Cas. Co.*, 2023 WL 6284272 (W.D. La. Sep. 26, 2023); *Cat 5 Global, LLC v. Occidental Fire and Cas. Co. of North Carolina*, 2024 WL 169649 (E.D. La. Jan. 16, 2024) (GUIDRY, J.). Therefore, Cat 5 may not maintain these claims.[2]

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 17] will be **GRANTED** and plaintiff's bad faith claims will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 11th day of September, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The amount in controversy is now defined by the outstanding invoices, which are well below the threshold for diversity jurisdiction. Events after filing of the suit that might reduce the amount in controversy, however, have no impact on diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–91 (1938) Accordingly, although dismissal of the claims brings the amount in controversy below the threshold for diversity jurisdiction, the court will not remand the case.