UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAT 5 RESTORATION L L C** | **CASE NO.  2:22-CV-05827** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 27] filed by defendant State Farm Fire & Casualty Company ("State Farm"), seeking discovery responses from plaintiff Cat 5 Restoration LLC ("Cat 5"). State Farm also requests an award of reasonable expenses, including attorney fees, incurred in making the motion. Cat 5 opposes the motion and request for an award of expenses. Doc. 29.

### I.
#### BACKGROUND

This suit arises from Hurricane Laura and Hurricane Delta damage to a residential property in Lake Charles, Louisiana. Hurricane Laura made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta impacted roughly the same area on October 9, 2020. At all relevant times the property, owned by Ralph and Deborah Lewing, was insured under a homeowner's policy issued by State Farm. On August 31, 2020, the Lewings entered into a contract with Cat 5 for remediation work at the home. Pursuant to this contract the Lewings also assigned their rights, benefits, and proceeds under the State Farm policy to Cat 5 for the portion of work completed by Cat 5. *See* doc. 1, att. 1, p. 10.

Cat 5 alleges that it completed this work and submitted its report and documentation to State Farm on November 23, 2020. *Id.* at ¶ 8. It further alleges that State Farm refused to tender the full amount owed to Cat 5 for its mitigation and emergency services equipment, and that the unpaid invoices in this matter total $41,543.41. *Id.* at ¶ 9. Cat 5 thus filed suit in state court on August 16, 2022, raising claims of breach of insurance contract and bad faith against State Farm. Doc. 1, att. 1, pp. 4–9. State Farm then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

The matter is set for jury trial before the undersigned on February 10, 2025. State Farm filed this motion to compel on November 25, 2024, alleging that Cat 5 has provided incomplete responses to written discovery propounded on June 28, 2024, and State Farm's Notice of 30(b)(6) Deposition and corresponding document production requests issued on September 20, 2024. Doc. 27. Shortly before filing its opposition on December 4, Cat 5 provided supplemental responses to written discovery and dates for a rescheduled 30(b)(6) deposition. Doc. 29. It maintains that the responses were delayed because of plaintiff's involvement in restoration work in Florida following the impacts of Hurricanes Helene and Milton. Accordingly, it argues that it should not be required to pay a fee award to State Farm. In reply State Farm asserts that the responses are still insufficient, that Cat 5 has a history of delaying discovery in other matters, and that it could have provided adequate responses to written discovery before the hurricanes impacted Florida in September 2024. Doc. 30.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 37(a) governs motions to compel discovery responses and provides, as applies here, that a party may move to compel a discovery response if the opposing party fails to answer an interrogatory submitted under Rule 33 or fails to produce a document requested under Rule 34. *Id.* at 37(a)(3)(iii)–(iv). For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to respond." *Id.* at 37(a)(4). If the motion is granted or if the requested discovery is only provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5)(A).

State Farm challenges Cat 5's (1) failure to provide timely and sufficient responses to written discovery and (2) failure to timely provide requested documents so that the 30(b)(6) deposition could proceed on November 26, 2024, ahead of the trial scheduled for February 10 of the following year. For the first part, State Farm maintains that the responses

are still deficient as follows: In Request for Production No. 2, State Farm asked for a "complete, certified copy of Cat 5's entire file related to the Insured, the Property, the Mitigation Work, and/or the Invoice." Doc. 27, att. 2, p. 10. Cat 5 responded on July 28, 2024, by attaching several documents, including a Dry Log, Equipment Log, and photographs. *See* doc. 27, att. 2, p. 33. It also reserved the right "to supplement and/or amend this response as more information becomes available." *Id.* As State Farm notes, this response came nearly two years after Cat 5 performed and invoiced its mitigation work at the Lewings' residence. State Farm expresses skepticism that the production made thus far is all that Cat 5 has to support its substantial invoice. It further notes that Cat 5 similarly delayed production of the entirety of its claims file in another matter, *Frisbie v. State Farm*, No. 2:21-cv-3658 (W.D. La. Feb. 26, 2024). Accordingly, it requests that the court require an affirmative response from Cat 5 "once and for all, and in no uncertain terms, that it has produced the entirety of its claims file to State Farm." Doc. 30, p. 2. Given Cat 5's reservation and its history, the court agrees that it is entitled to such an assurance. The motion will be granted in this regard.

      Secondly, State Farm objects to Cat 5's response to Interrogatory No. 6 ("Please explain in detail the Mitigation Work Cat 5 performed at the Property. Such an explanation includes, but is not limited to . . . (d) The reasoning behind each and every line item on the Invoice[.]"). Cat 5 objected on several grounds, including that the request was unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 21. State Farm maintains that the request is within the scope of Rule 26 and necessitated by ambiguities in the invoice, such as the charging of $26,433.00 for

"Technician Emergency Response." Given only one example, however, the court agrees that the request for an explanation of every line item places an undue burden on Cat 5 that is not proportional to the needs of the case.[1] State Farm might have sought this information through a more targeted request and may seek it still through deposition. The motion will be denied in this respect.

State Farm next objects to Cat 5's delay in providing sufficient discovery responses, noting that Cat 5 only named the 19 employees who allegedly performed mitigation work on the Lewings' property in supplemental responses after State Farm filed its motion to compel. This information was originally requested under Interrogatory No. 6, supra, and Cat 5 objected but stated that "Michael Bertagna will need to supplement the remaining employees who worked on the site." Doc. 27, att. 2, p. 22. The supplement naming the employees, along with a supplemental response to Request for Production No. 2, was only provided after State Farm filed this motion to compel. *See* doc. 30, att. 1, pp. 2–5.

Cat 5 argues that it should not be held responsible and claims that the delay was caused by its diversion of resources to Florida following Hurricanes Helene and Milton. But Hurricane Helene did not make landfall in the United States until September 27, followed by Hurricane Milton on October 9—several weeks after Cat 5 provided its initial discovery responses. Cat 5 provides no explanation for its failure to promptly supplement the response to Interrogatory No. 6 or Request No. 2.

---

[1] The invoice, which was attached to a prior motion, totals 177 line items. *See* doc. 21, att. 6.

A court must not order a payment of expenses on a motion to compel "if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." *Id.* at 37(a)(5)(C). Plaintiff's failure to respond to the line-item explanation portion of Interrogatory No. 6 was substantially justified. Its evasive and incomplete answers to other portions of written discovery, however, necessitated in part the filing of this motion. Likewise, the court cannot find adequate justification for Cat 5's delayed responses to the 30(b)(6) document requests in September 2024. Given the nature of Cat 5's business, it cannot excuse itself from its obligations as a litigant every time it becomes involved in the recovery from a new storm. Accordingly, the court will award 75 percent of what it determines to be the reasonable costs and attorney fees incurred by State Farm through this motion.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Compel [doc. 27] be **GRANTED IN PART** and **DENIED IN PART** and that State Farm's request for expenses incurred in the motion be **GRANTED. IT IS FURTHER ORDERED** that Cat 5 supplement its discovery responses within seven days of this ruling to affirmatively state whether it has produced the entirety of its claims file to State Farm, and to produce anything

from that file not yet provided to State Farm. Finally, **IT IS ORDERED** that State Farm submit a bill of costs and fees incurred in this motion within seven days. After Cat 5 has an opportunity to traverse, the court will award 75 percent of the reasonable amount incurred.

      **THUS DONE AND SIGNED** in Chambers on the 12th day of December, 2024.

                              **JAMES D. CAIN, JR.**
                        **UNITED STATES DISTRICT JUDGE**